**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Gelco Corporation, a Minnesota corporation, d/b/a GE Capital Fleet Services,

Plaintiff,

v.

Freezer Xpress, Inc., d/b/a FXI, Inc., a Kansas corporation, and Unilever United States, Inc., a Delaware corporation,

Defendants.

Case No. 00-CV-787 (DWF/AJB)

**ORDER**

Based on the stipulation of the parties and all pleadings on file herein, IT IS HEREBY ORDERED THAT Unilever United States, Inc. is hereby granted leave to file a Third-Party Complaint against Sherry Hammerschmidt and Samuel Hammerschmidt.

Dated: 12/19/00

**BY THE COURT**

Magistrate Judge Arthur J. Boylan
United States District Court

DEC 19 2000
FRANCIS E. DOSAL CLERK
JUDGMENT ENTD ____
DEPUTY CLERK ____

ORIGINAL

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Gelco Corporation, a Minnesota corporation, d/b/a GE Capital Fleet Services,

Plaintiff,

v.

Freezer Xpress, Inc., d/b/a FXI, Inc., a Kansas corporation, and Unilever United States, Inc., a Delaware corporation,

Defendants.

Case No. 00-CV-787 (DWF/AJB)

**STIPULATION AND ~~PROPOSED~~ ORDER TO FILE THIRD-PARTY COMPLAINT**

WHEREAS, Freezer Xpress, Inc. ("FXI") is named as a party in the above-captioned litigation; and

WHEREAS, FXI has not yet been served; and

WHEREAS, the undersigned parties understand that Sherry Hammerschmidt and Samuel Hammerschmidt are owners, shareholders and/or officers of FXI; and

WHEREAS, the undersigned parties believe that Sherry Hammerschmidt and Samuel Hammerschmidt are alter egos of FXI; and

WHEREAS, Sherry Hammerschmidt and Samuel Hammerschmidt are or may be liable to Unilever United States, Inc. ("Unilever"); and

WHEREAS, the undersigned parties agree that Sherry Hammerschmidt and Samuel Hammerschmidt may properly be joined as parties to this action and that good cause exists to allow Unilever to file and serve a Third-Party Complaint on Sherry Hammerschmidt and Samuel Hammerschmidt.

THEREFORE, Gelco Corporation and Unilever, by and through its counsel, stipulate that the Court may enter an order pursuant to Fed. R. Civ. P. 14 and the Court's Pretrial Scheduling Order, in the form attached hereto as Exhibit A authorizing Unilever to file a Third-Party Complaint in the form attached as Exhibit B on Sherry Hammerschmidt and Samuel Hammerschmidt.

Dated: December 13, 2000

**MESSERLI & KRAMER P.A.**

By ______________________
Joseph W. Lawver (#151269)
1800 Fifth Street Towers
150 South Fifth Street
Minneapolis, MN 55402
(612) 672-3600

**ATTORNEYS FOR GELCO CORPORATION**

Dated: December 13, 2000

**BRIGGS AND MORGAN, P.A.**

By ______________________
Paul C. Thissen (#241416)
2400 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 334-8400

**ATTORNEYS FOR UNILEVER UNITED STATES, INC.**

# EXHIBIT A

ORIGINAL

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Gelco Corporation, a Minnesota corporation, d/b/a GE Capital Fleet Services,

Plaintiff,

v.

Freezer Xpress, Inc., d/b/a FXI, Inc., a Kansas corporation, and Unilever United States, Inc., a Delaware corporation,

Defendants.

Case No. 00-CV-787 (DWF/AJB)

**ORDER**

Based on the stipulation of the parties and all pleadings on file herein, IT IS HEREBY ORDERED THAT Unilever United States, Inc. is hereby granted leave to file a Third-Party Complaint against Sherry Hammerschmidt and Samuel Hammerschmidt.

Dated: ___________________________

**BY THE COURT**

_____________________________________
Magistrate Judge Arthur J. Boylan
United States District Court

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Court File No. 00-CV-787 (DWF/AJB)

Gelco Corporation, a Minnesota corporation, d/b/a GE Capital Fleet Services,

Plaintiff,

vs.

Freezer Xpress, Inc., d/b/a FXI, Inc., a Kansas corporation and Unilever United States, Inc., a Delaware corporation,

Defendants.

and

Unilever United States, Inc.,

Defendants and Third-Party Plaintiff

vs.

Sherry Hammerschmidt and Samuel Hammerschmidt,

Third Party Defendants

**THIRD-PARTY COMPLAINT**

For its Third-Party Complaint against Sherry Hammerschmidt and Samuel Hammerschmidt, Unilever United States, Inc. ("Unilever") states and alleges as follows:

1. Unilever is a Delaware corporation with its principal place of business in New York.

2. On information and belief, Sherry Hammerschmidt was at all relevant times an officer, shareholder and employee of Freezer Xpress, Inc. d/b/a FXI, Inc. ("FXI"). On information and belief, Sherry Hammerschmidt is a resident of California.

3. On information and belief, Samuel Hammerschmidt was at all relevant times an officer, shareholder and/or agent of FXI. On information and belief, Sherry Hammerschmidt is a resident of California.

4. The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000. Jurisdiction is appropriate under 28 U.S.C. § 1332. Venue is appropriate under 28 U.S.C. § 1391(a).

5. Good Humor Corporation, a division of Unilever, and FXI entered into a Partial Assignment of lease of seven utility trailers ("Partial Assignment"). Good Humor Corporation leased the trailers from Gelco Corporation, d/b/a GE Capital Fleet Services ("GELCO").

6. GELCO has alleged that FXI defaulted under the Partial Assignment.

7. On information and belief, FXI returned three of the utility trailers to GELCO.

8. On information and belief, Sherry and Samuel Hammerschmidt took possession and control of the three utility trailers. On information and belief, Sherry and Samuel Hammerschmidt either retain control of the three utility trailers or sold or transferred the three utility trailers for a profit.

9. On information and belief, Shelly Hammerschmidt and Samuel Hammerschmidt operated FXI without regard to corporate formalities, used the assets of FXI as their own and otherwise treated FXI as merely a facade for individual dealings. Shelly Hammerschmidt and Samuel Hammerschmidt are alter egos of FXI.

**Contribution and Indemnification**

10. GELCO sued Unilever to recover damages that GELCO allegedly incurred as a result of FXI's default.

11. FXI has the primary obligation to satisfy any obligations to GELCO that may arise under the agreements referenced in the Complaint. As the alter ego of FXI, Shelly Hammerschmidt and Samuel Hammerschmidt each have the primary obligation to satisfy any obligations to GELCO that may arise under the agreements referenced in the Complaint

12. If any judgment is recovered against Unilever in this litigation, then Unilever will be damaged and will be entitled to indemnity and contribution and should have judgment including attorneys' fees as provided by law against Shelly Hammerschmidt and Samuel Hammerschmidt.

**Declaratory Judgment**

13. On information and belief, an actual, justiciable and bonafide controversy exists between the parties as to whether the Shelly Hammerschmidt and Samuel Hammerschmidt are alter egos of FXI and whether the "corporate veil" of FXI may be pierced. Termination of this controversy can be accomplished by a declaration that the Sherry Hammerschmidt and Samuel Hammerschmidt are each alter egos of FXI.

WHEREFORE, Unilever respectfully requests that the Court enter judgment in its favor and against Sherry Hammerschmidt and Samuel Hammerschmidt:

1. To the extent GELCO recovers money damages against Unilever, entering judgment against Sherry Hammerschmidt and Samuel Hammerschmidt in an equal amount.

2. Declaring that Shelly Hammerschmidt and Samuel Hammerschmidt are alter egos of FXI and that the corporate veil of FXI may be pierced to impose liability on Shelly Hammerschmidt and Samuel Hammerschmidt.

3. Awarding Unilever its costs and attorneys' fees as allowed by law.

DATED: December __, 2000.

**BRIGGS AND MORGAN, P.A.**

By ________________________________
Paul C. Thissen (#241416)
2400 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 334-8400

**ATTORNEYS FOR UNILEVER UNITED STATES, INC.**